UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THOMAS CLEMENTS | CIVIL ACTION NO. 6:20-cv-00821 |
| VERSUS | JUDGE SUMMERHAYS |
| HANCOCK WHITNEY BANK, BY MERGER WITH MIDSOUTH BANCORP | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**

Pending before this Court is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendant, Hancock Whitney Bank (Rec. Doc. 3). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be denied, the plaintiff should be allowed to amend his complaint, and the defendant should be allowed to file another motion to dismiss after review of the amended complaint.

**Background**

In his complaint, Thomas Clements alleged that he and his former wife executed a note and mortgage in favor of MidSouth Bank when they purchased their home at 416 Cherokee Lane, Lafayette, Louisiana, on October 31, 2013. In 2014,

Mr. and Mrs. Clements allegedly divorced, and Mr. Clements allegedly became disabled.  That same year, the swimming pool at their home was struck by lightning and a claim was allegedly filed with their homeowners' insurance.  In January 2015, Mr. Clements stopped making payments on the mortgage.  In May 2016, the house was foreclosed by executory process.  Days later, Mr. Clements allegedly received a $27,000 check from his insurer for the damage to the pool, which was made out to both him and MidSouth Bank.  Mr. Clements allegedly forwarded the check to the bank, but he claims that the bank did not negotiate the check or apply the $27,000 against his delinquent mortgage payments.  In July 2017, MidSouth allegedly purchased Mr. Clements's home at sheriff's sale.

In his complaint, Mr. Clements asserted a claim against the bank for breach of contract, contending that the bank's failure to apply the $27,000 in insurance proceeds against the past-due amounts owed on the mortgage and its failure to stop the foreclosure proceeding breached the bank's contract with Mr. Clements.

Hancock Whitney responded to the complaint with the instant motion to dismiss, arguing that Mr. Clements failed to state a plausible claim against the bank because he did not identify any provision in the note or mortgage that was allegedly breached by the bank's actions described in the complaint.  Hancock Whitney further argued that there are no provisions in the note or mortgage that were breached.

**Law and Argument**

**A.     The Standard for Evaluating a Rule 12(b)(6) Motion**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a legally cognizable claim. Rule 12(b)(6) motions are viewed with disfavor and rarely granted.[1] When considering such a motion, the district court must limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[3] Conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as factual allegations are not accepted as true.[4]

To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[5] A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1]    *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[2]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]    *Collins v. Morgan Stanley*, 224 F.3d at 498; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[5]    *Hammer v. Equifax Information Services, L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 570).

alleged."[6] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[7] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[8]

### B.     The Plaintiff Should be Allowed to Amend His Complaint

Under Louisiana law, a contract is defined as "an agreement between two or more parties whereby obligations are created, modified or extinguished."[9] A contract is formed by the consent of the parties established through offer and acceptance.[10] The existence or non-existence of a contract is a question of fact.[11] To prevail on a breach of contract claim, a plaintiff must prove three essential elements: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation; and (3) that the failure to perform this obligation

---

[6]     *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678).

[7]     *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 556).

[9]     *Read v. Willwoods Community*, 2014-1475 (La. 03/17/15), 165 So.3d 883, 892 (citing Louisiana Civil Code Article 1906).

[10]    *Read v. Willwoods Community*, 165 So.3d at 887 (citing Louisiana Civil Code Article 1927).

[11]    *Read v. Willwoods Community*, 165 So.3d at 888.

resulted in damages to the plaintiff.[12] In other words, the plaintiff must first establish that there was a contract, that a contract provision was breached, and that the breach caused damages.[13]

There is a great deal of recent Louisiana jurisprudence holding that a plaintiff must allege a breach of a specific contractual provision in order to state a valid claim for breach of a contract under Louisiana law.[14] However, there also is some authority for the proposition that plaintiffs "simply need to plead that there was a contract that was breached" without alleging that a specific contractual position was breached.[15]

This Court finds that common sense dictates that the former standard is applicable. Mr. Clements has the burden of showing that he has a plausible claim against Hancock Whitney. If he cannot point to a specific provision of a specific

---

[12] *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018).

[13] See, e.g., *Mouton v. Generac Power Systems, Inc*., 2014-350 (La. App. 3 Cir. 11/05/14), 152 So.3d 985, 997 ("In order to succeed on a breach of contract claim, the plaintiff must prove the existence of a contract, a breach of that contract, and damages."). See also *Mann v. Alston Contractors, Inc*., No. 18-9284, 2019 WL 969820, at *5 (E.D. La. Feb. 28, 2019) ("The existence of the contract must be established before a breach can occur. . . .").

[14] See, e.g., *Whitney Bank v. SMI Companies Glob., Inc.*, 949 F.3d 196, 205 (5th Cir. 2020) (citing *Louque v. Allstate Ins. Co*., 314 F.3d 776, 782 (5th Cir. 2002) and *Gulf Prod. Co. v. Petroleum Engineers, Inc*., 2013-0578 (La. App. 4 Cir. 12/11/13), 2013 WL 6925992, at *2); *Blackstone v. Chase Manhattan Mortgage Corp*., 802 F.Supp.2d 732, 738 (E.D. La. 2011) (citing *Louque v. Allstate Inc. Co*., 314 F.3d at 782).

[15] See, e.g., *Meadowcrest Professional Bldg. Partnership, LLC v. Companion Property and Cas. Ins. Co*., No. 14-2196, 2014 WL 5481092, at *2 (E.D. La. Oct. 29, 2014) (citing *SMG Foods, LLC v. Delek Capital*, No. 09-6734, 1020 WL 103873, at *2 (E.D. La. Jan. 7, 2010) and *Stokes v. Allstate Indemnity Co*., No. 06-1053, 2007 WL 1875847, at *3 (E.D. La. June 28, 2007)).

contract with the bank, then he cannot carry that burden. And thus far, he has not done so. It should be noted that Mr. Clements did not attach the relevant note or mortgage to his complaint, but he seemed to confirm in his briefing that the note and mortgage submitted by the bank along with its motion to dismiss are the contracts at issue in this lawsuit. He also seemed to argue that the bank breached implicit obligations. If that is, in fact, the plaintiff's position, then the complaint is lacking in factual detail supporting that position. Further, at this stage of the litigation and without Mr. Clements having identified the contractual provision or provisions that he contends were breached, this Court will not analyze the contracts that Hancock Whitney claims are alleged to have been breached. Such an analysis is best reserved for the summary judgment stage of the litigation.

However, Rule 15 of the Federal Rules of Civil Procedure instructs that a court should freely give leave to amend a complaint when justice so requires. Therefore, a court generally should not dismiss an action for failure to state a claim without giving the plaintiff at least one chance to amend its complaint.[16] Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the

---

[16] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal."[17] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[18]

Although Mr. Clements did not request an opportunity to amend his complaint, this Court finds that the better course of action would be allow Mr. Clements an opportunity to amend. Therefore, it is recommended that Hancock Whitney's motion to dismiss should be denied and Mr. Clements should be permitted to file an amended complaint for the purpose of identifying the specific contractual provision or provisions that he contends were breached by the bank. It is also recommended that Hancock Whitney should be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Hancock Whitney's motion to dismiss (Rec. Doc. 3) should be DENIED, Mr. Clements should be allowed to file an amended complaint, and Hancock Whitney should be allowed to

---

[17] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d at 329.

[18] *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

file another motion to dismiss following its review of the amended complaint if such a motion is necessary and appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[19]

Signed at Lafayette, Louisiana, this 23rd day of November 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[19] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).