## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**THOMAS CLEMENTS**                    **CASE NO.  6:20-CV-00821**

**VERSUS**                             **JUDGE ROBERT R. SUMMERHAYS**

**HANCOCK WHITNEY BANK**               **MAGISTRATE  JUDGE  PATRICK  J. HANNA**

### MEMORANDUM RULING

Presently before the Court is the Defendant Hancock Whitney Bank's Motion to Dismiss Amended Complaint and Demand for Jury Trial [ECF No. 15].  Plaintiff opposes the motion. For the reasons explained below, the Court GRANTS the Motion.

### I.
### BACKGROUND

The present case involves a dispute between a homeowner and the holder of his home mortgage over insurance proceeds paid to cover damage to his pool. Plaintiff Thomas Clements alleges that he and his former wife executed a note and mortgage (the "Mortgage") in favor of MidSouth Bank[1] (the "Bank") when they purchased their home at 416 Cherokee Lane, Lafayette, Louisiana, on October 31, 2013.[2] In 2014, Mr. and Mrs. Clements divorced, and Mr. Clements subsequently became disabled.[3] That same year, the swimming pool at their home was struck by lightning and a claim was filed with their homeowners' insurance for damage resulting from the lightning strike.[4] In January 2015, Mr. Clements ceased monthly payments on the Mortgage, and

---

[1] Hancock Whitney Bank is the successor in interest to MidSouth Bank.
[2] Amended Complaint, ECF No. 14 at ¶5.
[3] *Id.* at ¶6.
[4] *Id.* at ¶7.

the Bank ultimately foreclosed by executory process.[5] Shortly after the foreclosure was initiated, Mr. Clements received a $27,000 check from his insurer for the damage to the pool.[6] The check was issued to Clements and the Bank jointly. Clements alleges that he forwarded the check to the Bank with the intent that the insurance proceeds would be applied to his delinquent mortgage account, and thus bring his account current and avoid foreclosure.[7] However, he alleges that the Bank did not negotiate the check or apply the $27,000 against his delinquent mortgage payments. Instead, the Bank allegedly purchased Clements' home at a sheriff's sale in July 2017.[8]

In his original complaint, Mr. Clements asserted a claim against the Bank for breach of contract, contending that the bank's failure to apply the $27,000 in insurance proceeds against the past-due amounts owed on the mortgage and its failure to cancel the foreclosure proceeding breached the Bank's contract with Mr. Clements. The Bank filed its first motion to dismiss, alleging that the complaint failed to allege each of the essential elements of a breach of contract claim. In his Report and Recommendation, Magistrate Judge Hanna found that Mr. Clements had failed to plead a breach of contract claim.[9] The Magistrate Judge noted that Clements had not attached a copy of the note and mortgage, nor had he identified which provisions of the note and mortgage were breached by the Bank.[10] The Magistrate Judge, however, recommended that Clements be permitted to amend his complaint to cure that deficiency and the Court adopted the recommendation in a judgment.[11]

---

[5] *Id.* at ¶9.
[6] *Id.*
[7] *Id.*
[8] *Id.* at ¶11.
[9] ECF No. 12.
[10] *Id.*
[11] ECF No. 13.

Mr. Clements has now filed his Amended Complaint and Demand for Jury Trial.[12] The Bank has responded with the present motion to dismiss, arguing that Clements has still not pled viable claims.

## II.
### LAW AND ANALYSIS

### A.     12(b)(6) Standard.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[13] The facts alleged, taken as true, must state a claim that is plausible on its face.[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."[16]

### B.     Breach of Contract Claim.

The Bank argues that the Amended Complaint still fails to state a claim upon which relief can be granted for breach of contract. To prevail on a breach of contract claim, a plaintiff must prove three essential elements: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation; and (3) that the failure to perform this obligation resulted in damages to the plaintiff.[17] In other words, the plaintiff must first establish that there was a

---

[12] ECF No. 14.
[13] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007).
[14] *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009).
[16] *Id.* (quoting *Twombly*, 550 U.S. at 554-57).
[17] *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018).

contract, that a contract provision was breached, and that the breach caused damages.[18] Clements thus must point to a specific contractual provision that he claims was breached and allege how that provision was breached to state a plausible contract claim.[19]

The Amended Complaint suffers from the same fatal flaw that led the Magistrate Judge and this Court to conclude that he had not stated a plausible contract claim. Clements' allegations fail to point to a contractual provision in the Mortgage and show how the Bank's actions breached that obligation. To the extent that Clements alleges that the Bank breached an "implicit" obligation in the Mortgage, his allegation runs afoul of the *express* provision in the Mortgage that allows the Bank to "apply such insurance proceeds, at its ***sole option and discretion***" to either the cost of repairing the property or reducing the balance due on the mortgage.[20] This express language—not any "implicit" language proposed by Clements—controls the application of insurance proceeds at issue here. When the words of a contract are clear and explicit and lead to no absurd consequences, no further explanation may be made in search of the parties' intent.[21]

In sum, Clements has not pled a plausible breach of contract claim. Since Clements has previously been granted leave to amend his complaint to cure these defects, the Court concludes that any further attempt at an amendment would be futile. Accordingly, Clements' claim for breach of contract must be dismissed.

---

[18] *See Mouton v. Generac Power Systems, Inc.*, 2014-350 (La. App. 3 Cir. 11/05/14), 152 So.3d 985, 997 ("In order to succeed on a breach of contract claim, the plaintiff must prove the existence of a contract, a breach of that contract, and damages."). *See also Mann v. Alston Contractors, Inc.*, No. 18-9284, 2019 WL 969820, at *5 (E.D. La. Feb. 28, 2019) ("The existence of the contract must be established before a breach can occur. . . )
[19] *See Whitney Bank v. SMI Companies Glob., Inc.*, 949 F.3d 196, 205 (5th Cir. 2020) (citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) and *Gulf Prod. Co. v. Petroleum Engineers, Inc.*, 2013-0578 (La. App. 4 Cir. 12/11/13), 2013 WL 6925992, at *2); *Blackstone v. Chase Manhattan Mortgage Corp.*, 802 F.Supp.2d 732, 738 (E.D. La. 2011) (citing *Louque v. Allstate Ins. Co.*, 314 F.3d at 782)
[20] *See* Exhibit B to Document 15, page 3 (emphasis added).
[21] La. Civ. Code Art. 2046.

### C.    Unjust Enrichment.

In his Amended Complaint, Plaintiff has added a new claim for unjust enrichment. Under Louisiana law, in order to recover on a claim for unjust enrichment, Plaintiff must prove five elements, namely: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and impoverishment; (4) absence of justification or cause for the enrichment and impoverishment; and (5) the lack of any other remedy at law.[22]

Based upon the allegations of the Amended Complaint, Plaintiff cannot establish the first required element, namely that there was an enrichment. Plaintiff specifically states that the Bank did not negotiate the check. As such, the Bank did not receive the proceeds of the check and thus there was no enrichment. More importantly, courts have consistently held there can be no claim for unjust enrichment when the claim is based on a relationship that is controlled by an enforceable contract.[23] In other words, when the claim is based in contract, there is a remedy at law. Where there is a remedy at law, the plaintiff cannot satisfy the fifth element of an unjust enrichment claim. Here, the parties' relationship is governed by an enforceable contract—the Mortgage. That contract expressly grants the Bank discretion as to how to apply the insurance proceeds at issue. It does not obligate the Bank to apply those funds to a delinquent account. Accordingly, the Court finds that Plaintiff's claim for unjust enrichment must be dismissed.

### D.    Civil Conversion.

Finally, in his Amended Complaint, Plaintiff adds a claim for civil conversion. Under Louisiana law, conversion is a delictual tort that is defined as "an intentional act done in derogation

---

[22] *Gulfstream Services, Inc. v. Hot Energy Services, Inc.*, 907 So.2d 96, 101 (La. App. 1st Cir. 2005).

[23] *See Barbe v. Ocwen Loan Servicing, LLC et al.*, 383 F. Supp. 3d 634 (E.D. La. 2019); *Drs. Bethea, Moustoukas & Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399 (5th Cir. 2004); *Edwards v. Conforto*, 636 So.2d 901 (La. 1993); *Miller v. Housing Authority of New Orleans*, 249 La. 623, 190 So.2d 75 (1966).

of the plaintiff's possessory rights."[24] The prescriptive period for a claim for conversion is one year from the time that the plaintiff is or should be on notice of the alleged act of conversion.[25] In this case, according to the allegations in Plaintiff's Amended Complain, the Bank acquired Plaintiff's property at sheriff's auction on July 25, 2017.[26] This suit was filed on June 20, 2020, more than one year after the alleged act of conversion.

Plaintiff argues that the prescriptive period should be tolled based upon his lack of knowledge regarding the Bank's actions. Even assuming, *arguendo,* that Clements could show that he was unaware that the Bank failed to apply the insurance proceeds to his delinquency at the time, he does not allege (nor likely could he) that he was still unaware of the Bank's actions when the Bank acquired his property at the sheriff's auction on July 25, 2017. There is no basis to toll the prescriptive period beyond that time. Accordingly, without addressing whether Plaintiff could establish a claim for civil conversion, the Court finds that any such claim was prescribed at the time the case was filed and must be dismissed.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to each of the causes of action set forth in the Amended Complaint. Defendant Hancock Whitney Bank's Motion to Dismiss Amended Complaint and Demand for Jury Trial [ECF No. 15] is GRANTED; all claims asserted in the Amended Complaint are DISMISSED.

THUS DONE in Chambers on this 29th day of September, 2021.

—————————————————————
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[24] *Kinchen v. Louis Dabdoub Sell Cars, Inc.,* 912 So.2d 715, 718 (La. App. 5th Cir. 2005).
[25] *See* La. Civ. Code Art. 3492.
[26] Document 14, Paragraph 11.